UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-81575-ROSENBERG

PROGRESSIVE EXPRESS
INSURANCE COMPANY,

 Plaintiff,

v.

RASIER (FL), LLC, et al.,

 Defendants.
_____/

## ORDER GRANTING DEFENDANT CAROLYN HIGNETT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendant Carolyn Hignett's Motion to Dismiss at docket entry 18. The Motion has been fully briefed. For the reasons set forth below, the Motion is granted.

The Plaintiff filed this declaratory action, seeking a declaration that it owes no insurance coverage to Defendant Barros. DE 1 at 11. Defendant Barros is currently involved in litigation in Florida state court with co-Defendant Hignett, where Hignett alleges that Barros injured her in an auto accident. *Id.* at 2. The operative question before the Court is whether the Plaintiff owes auto insurance coverage for the accident between the co-Defendants in this case.

Hignett argues that the Plaintiff's request for a declaration should be dismissed. It is true that a suit seeking a declaratory judgment may be dismissed as a matter of judicial discretion. *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005). A district court has discretion to entertain a request for a declaratory judgment because, when there is related state court litigation, "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942). To assist district courts with their exercise of discretion, the Eleventh Circuit

has established various factors for consideration, but those factors only apply when there are parallel proceedings in federal court and state court. *Ameritas*, 411 F.3d at 1331. Here, there are no parallel proceedings because the state court action concerns liability for an auto accident, while the federal court action concerns insurance coverage between an insurer and an insured. *Employers Mut. Cas. Co. v. Kenny Hayes Custom Homes, LLC*, 1010 F. Supp. 3d 1186, 1189 (S.D. Ala. 2015) ("When a declaratory judgment action is brought by an insurer against an insured, there are no parallel proceedings. . ." (quoting *Cont'l Cas. Co. v. Advance Terrazzo & Tile Co.*, 462 F.3d 1002, 1006 (8th Cir. 2006)). What this Court is presented with, then, is not parallel proceedings but related proceedings. Based upon the Court's review of the law, the Eleventh Circuit has yet to clearly define the factors the Court should consider in such a situation, but other appellate courts have addressed this specific situation.

> In the Eighth Circuit, for example, courts consider:
>
> (1) whether the declaratory judgment sought will serve a useful purpose in clarifying and settling the legal relations in issue; (2) whether the declaratory judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the federal proceeding; (3) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in state courts; (4) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action in pending; (5) whether permitting the federal action to go forward would result in unnecessary entanglement between the federal and state court systems, because of the presence of overlapping issues of fact or law; and (6) whether the declaratory judgment action is being used merely as a device for procedural fencing—that is, to provide another forum in a race for res judicata or to achieve a federal hearing in a case otherwise not removable.

*Terrazzo*, 462 F.3d at 1007.[1] Here, the Court is persuaded that the fourth and fifth factors— unnecessary entanglement / overlapping issues of fact between the federal and state court systems

---

[1] These factors are similar, but slightly different than, the factors this Court must consider in the Eleventh Circuit for parallel litigation. *Ameritas*, 411 F.3d at 1331.

and the best forum for efficiency—weigh strongly in favor of abstention, and that this case should be dismissed as a result.[2]

As for the entanglement factor, a key factual issue in this case has already been decided in state court.  In this litigation, the Plaintiff alleges that Barros was not providing ride-share taxi services at the time of the auto accident. DE 1 at 7-9.  Based upon that key fact, the Plaintiff argues that it owes no insurance coverage to Barros.  But in the state court litigation, Hignett alleged that Barros was, at the time of the accident, providing ride-share taxi services. *See* DE 20 at 3.  In response to that allegation, Barros filed an answer admitting the fact. *Id.*  Under Florida law, parties are bound by the allegations in their pleadings, and admissions contained in the pleadings are accepted as facts without the necessity of supporting evidence. *E.g., Carvell v. Kinsey*, 87 So. 2d 577, 579 (Fla. 1956).  By filing this federal litigation, the Plaintiff seeks to relitigate a factual issue that has effectively been decided in state court.  Were this Court to make a different finding of fact, there would be two competing and incompatible factual findings.  Thus, there would be unnecessary entanglement between the federal and state court systems on an overlapping factual issue.

As for whether the controversy can more efficiently be adjudicated in state court, the Plaintiff could either seek to intervene in the state court action—and dispute Barros' admission on ride-share services—or, at a minimum, the Plaintiff could file a new lawsuit and request consolidation with the liability action.  It would be far more efficient for the same trier of fact to decide the key factual question in both cases, but that level of efficiency can only be obtained if

---

[2] Even if this Court were wrong, and the state court proceeding and this proceeding are parallel proceedings, such that this Court should consider the Eleventh Circuit's factors for parallel proceedings, the entangling of federal and state court proceedings is a factor that the Eleventh Circuit has required this Court to consider, and so is the potential for res judicata races and the better suitability of state court for the resolution of related factual issues. *Ameritas*, 411 F.3d at 1131.

the Plaintiff litigates the question in state court, not federal court.

For the foregoing reasons, it is **ORDERED AND AJUDGED** that the Defendant's Motion to Dismiss [18] is **GRANTED**, the Plaintiff's case is **DISMISSED**, and the Clerk of the Court shall **CLOSE THIS CASE**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 15th day of April, 2024.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record